DocuSign Envelope ID: 2020DA5F-AA48-4C17-A4A6-7D3FB5245344

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:20-cv-22048-KMW**

GEORGE ROBINSON,

      Plaintiff,

vs.

THE REALREAL, INC.,

      Defendant.

_____/

## CONSENT DECREE

1.      This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between: George Robinson ("Plaintiff") and The RealReal, Inc., ("Defendant") (collectively, the "Parties").

## RECITALS

2.      Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., (the "ADA"), and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3.      On or about May 15, 2020, Plaintiff filed this action in the United States District Court for the Southern District of Florida captioned *George Robinson v. The RealReal Inc.,* (the "Action"). Plaintiff alleges that Defendant's website (the "Website") is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA").

4.　　Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, and it denies any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5.　　This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

6.　　This Consent Decree is entered into by Plaintiff, individually, but is intended to inure to the benefit of vision impaired individuals who could form part of a class or collective action in the Complaint.

## JURISDICTION

7.　　Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website located at https://www.therealreal.com. Plaintiff contends that the Website is a service, privilege, or advantage of a place of public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA.

8.　　This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

9.　　Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or

law raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby AGREE to the following:

## DEFINITIONS

10. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11. Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 15 through 18 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty or impact on the Website or any mobile application related thereto, which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website or any mobile application related thereto - as though the Website or any mobile application related thereto were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website or any mobile application related thereto - or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Website or related mobile application operations. Nothing contained in this paragraph shall prevent Defendant from ceasing altogether use of the Website or any mobile application related thereto should Defendant determine that Reasonable Efforts will not achieve the goal or obligation, or that Reasonable Efforts to achieve the goal or obligation would not serve the goals or obligations of the business.

**TERM**

12.     The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) 36 months from the Effective Date, or (b) the date, if any, that the United States Department of Justice adopts regulations for apps under Title III of the ADA.

**GENERAL NONDISCRIMINATION REQUIREMENTS**

13.     Pursuant to the terms of this Consent Decree, Defendant:

a.     Shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website or any mobile application related thereto as set forth herein.  42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

b.     Shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website or any mobile application related thereto as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

c.     Shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website or any mobile application related thereto as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

## COMPLIANCE WITH TITLE III OF THE ADA

14.     Web Accessibility Conformance Timeline: Defendant shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website or any mobile application related thereto, according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice issues regulations for Website or any mobile application related thereto under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

a.     Within twelve months of the Effective Date, Defendant shall modify the Website or any mobile application related thereto to the extent needed to substantially conform to the Web Content Accessibility Guidelines 2.0 and/or Web Content Accessibility Guidelines 2.1 Level A and AA Success Criteria to the extent determined to be applicable, or any other WCAG guidelines deemed to be applicable, in such a manner so that the App will be accessible to persons with vision disabilities.

b.     The Parties acknowledge that Defendant's obligations under this Consent Decree do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or Website and any mobile application relating thereto which Defendant does not own, operate, prepare or control, and which Defendant has not intentionally, willfully, and specifically guided Website users to use as part of any intentional marketing or product-related campaign, but that are linked from the Websites or any mobile application relating thereto (including, but not limited to, any content/websites, plug-ins, extensions, shopping carts, or mobile applications hosted by third parties and implemented on the

Website and any mobile application relating thereto); and/or (ii) continued use of the Website and any mobile application relating thereto should Defendant determine that continued use or development of the Apps would not serve the goals or obligations of the business. The Parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in its discretion, to cease the remediation efforts described above.

        c.    In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; the British Broadcasting Corporation Mobile Accessibility Standards and Guidelines 1.0 ("BBCMASG 1.0") or any combination thereof. If Defendant, in reasonably relying upon any of the foregoing, fails to achieve substantial conformance with the applicable WCAG standard, Defendant will have nonetheless met its obligations.

        d.    If Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines despite having used Reasonable Efforts to achieve substantial conformance, it shall be deemed to have satisfied its obligations under this Consent Decree as set forth herein regarding remediation of the Website and any mobile application relating thereto.

## PROCEDURES IN THE EVENT OF DISPUTES

15.     The procedures set forth in Paragraphs 16 through 18 must be exhausted in the

event that: (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this

Consent Decree, or (ii) Defendant concludes that it cannot substantially comply with any

criteria of the applicable WCAG standard as set forth hereinabove. Defendant shall not have

breached this Consent Decree in connection with the foregoing until the following procedures

have been exhausted.

16.     If any of the Parties claim this Consent Decree or any portion of it has been violated

("breach"), the party alleging the breach shall give written notice (including reasonable particulars)

of such violation to the party alleged to be in breach. The alleged breaching party must respond to

such written notice of breach no later than 30 calendar days thereafter (the "Cure Period"), unless

the parties agree to extend the time for response. If the alleged breach is of a nature that it cannot

be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the

reasonable time period in which the alleged breach can be cured. If the parties are unable to reach

a mutually acceptable resolution during the Cure Period, or any extension thereof, the party

alleging a breach of the Consent Decree may seek enforcement of compliance with this Consent

Decree from the Court. The Court shall, in its discretion, award reasonable attorneys' fees and

costs to the prevailing party in any such enforcement action.

17.     Defendant shall not be in breach of this Consent Decree unless: (a) an

independent accessibility consultant determines that a particular item(s) cannot be

accomplished by a person with a disability who has average screen reader competency using a

prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in

combination with one of the following browsers (in versions of which that are currently

DocuSign Envelope ID: 2020DA9E-AA49-4C17-A4A6-7D3EB5245344

supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than 90 days from receipt of the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than 90 days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Consent Decree or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

18.     Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by overnight express mail or United States first class mail, addressed as follows:

|  |  |
|---|---|
| For PLAINTIFF: | Anthony J. Perez, Esq.<br>**GARCIA-MENOCAL & PEREZ, P.L.**<br>4937 S.W. 74th Court<br>Miami, FL 33155<br>T: 305.553.3464 |
| For DEFENDANT: | Christopher T. Perré, Esq.<br>**LEWIS BRISBOIS BISGAARD &<br>SMITH LLP**<br>110 SE 6th Street, Suite 2600<br>Fort Lauderdale, Florida 33301<br>T: 954.678.4077 |

## <u>ENFORCEMENT AND OTHER PROVISIONS</u>

19.     The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of Florida.

4837-5692-2582.3 8

20.     If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

21.     The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website and any mobile application relating thereto, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

22.     The signatories represent that they have the authority to bind the respective Parties, Plaintiff and Defendant, to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

23.     This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

[SIGNATURE PAGE FOLLOWS]

4837-5692-2582.3  9

PLAINTIFF

Dated: 3/3/2021

DEFENDANT

By: _John Dombrowski_
DocuSigned by:
13F226D435FB4C0...

John Dombrowski

Title: Sr. Corporate Counsel- Compliance

## APPROVED AS TO FORM AND CONTENT:

PLAINTIFF'S LAWYERS

Dated: 3/3/2021

By: /s/ Anthony J. Perez
Anthony J. Perez, Esq.
**GARCIA-MENOCAL & PEREZ, P.L.**
4937 S.W. 74th Court
Miami, FL 33155
Telephone: 305.553.3464
Facsimile: 305.553.3031
Email: ajperez@lawgmp.com
aquezada@lawgmp.com
bvirues@lawgmp.com

DEFENDANT'S LAWYERS

Dated: 3-8-2021

By: /s/ Christopher T. Perré
Christopher T. Perré, Esq.
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
T: 954.678.4077
Christopher.Perre@lewisbrisbois.com

4837-5692-2582.3  10

DocuSign Envelope ID: 2920DABE-AA48-46A7-A4A6-7D3EB5245344

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

FINDS AS FOLLOWS:

1) This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

5) The Plaintiff is acting as a private attorney general in bringing the Action and enforcing the ADA;

6) The Court's jurisdiction over this matter shall continue for 36 months; and

7) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

SO ORDERED:

_____
U.S.D.J.

4837-5692-2582.3  11